**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.E.**

**No. 22-850** (Ohio County CC-35-2021-JA-110)

**MEMORANDUM DECISION**

Petitioner Mother C.E.[1] appeals the Circuit Court of Ohio County's October 20, 2022, order terminating her parental rights to M.E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHHR filed a petition on August 25, 2021, alleging that when petitioner was stopped by law enforcement she was acting erratically and confused when speaking and that drugs were found in her car, including methamphetamine and her prescription for Subutex. The petition also alleged that petitioner left her child alone while she obtained drugs and engaged in substance abuse and intended to bring the drugs into her home where the child resides. Petitioner stipulated to these allegations at adjudication. The petition further alleged that petitioner informed law enforcement that she crushed up and snorted her Subutex, and petitioner admitted this allegation to the court subsequent to her adjudication.

Petitioner was granted a post-adjudicatory improvement period that required she "only take prescription drugs as prescribed. She will not snort her Subutex or [S]uboxone." In its order, the court further required that petitioner "will not fraternize with people who use/abuse drugs and alcohol." The improvement period was set to expire on April 28, 2022, six months after it began. However, during the March 15, 2022, status hearing, the court granted petitioner an extension of that improvement period by agreement of the parties. On May 18, 2022, the DHHR filed a motion to terminate petitioner's improvement period, alleging that she was stopped by law enforcement on April 28, 2022, at which time she had a marijuana pipe, uncapped hypodermic syringes, and a

---

[1]Petitioner appears by counsel Elgine Heceta McArdle. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Tejinder Singh appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

container of white powder with a snort tube. Petitioner informed law enforcement that the white powder was her Suboxone or Subutex pills she had crushed up and used the tube to snort.

According to the guardian ad litem's report, filed with the circuit court on July 31, 2022, he suspected that petitioner had been downplaying the severity of her substance abuse and his review of petitioner's treatment records revealed that the treatment was "incredibly lacking." Further, "despite her assurances, [petitioner] continued to delay starting her treatment." In that report, the guardian ad litem went on to state that petitioner had made "little to no substantive changes in regard[] to her substance abuse since the start of her improvement period" and that while he had been informed that petitioner weaned off of Suboxone entirely, he had not received any records regarding the same. He had also not received any drug screen results for petitioner in over two months. It was his assessment that petitioner had "tried to squeeze the entirety of her substance abuse treatment that should have been occurring during her improvement period into the two months since her recent charges."

On August 2, 2022, petitioner filed a motion to extend her post-adjudicatory improvement period, which included an admission that petitioner "is in need of supervision for her recovery." The court held a dispositional hearing on that same date, during which petitioner admitted that she continued abusing her Subutex by snorting it from August 22, 2021, through April 28, 2022, despite being informed during numerous multidisciplinary team ("MDT") meetings that she needed to stop doing so. During the hearing, when asked whether she believed it was safe for the child to go back to her, petitioner admitted she was trying to focus on herself but that she thought "in time . . . I think that I could." She also testified that she was still trying to find resources for help. In its resulting dispositional order, the court found that even if the marijuana and syringe in her car at the time of the stop did not belong to petitioner, their presence in her car showed that petitioner continued to associate with inappropriate people who use illegal substances and showed a lack of judgment and appreciation for the circumstances that brought her to the court. It also found that petitioner admitted continuing to abuse her Subutex, thereby thwarting the MDT's efforts to help her remedy her substance abuse issues. The court further found that the DHHR presented clear and convincing evidence that there was no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected in the near future and it is necessary for the child's welfare to terminate petitioner's parental rights.[3] Petitioner appeals from that October 20, 2022, dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the circuit court erred by denying her motion for a ninety-day extension of her previously extended improvement period. Petitioner then asserts that the circuit court made a speculative finding that petitioner would be unable to maintain her sobriety, which was contrary to the evidence presented. She asserts that the court "ignored the totality of the evidence and ignored evidence of [petitioner's] 24-day sobriety *without relapse* during her improvement period." Petitioner further asserts that the court ignored the DHHR testimony that petitioner had corrected her "parental

---

[3]The child's father is deceased. The permanency plan is adoption by her maternal grandmother.

deficiencies" during the improvement period. She contends that she presented "absolute evidence of her sobriety at the hearing," that witnesses confirmed a bond between petitioner and the child, and that no witness testified as to harm that came to the child as a result of petitioner's use or misuse of Suboxone.

Petitioner's argument that no one testified regarding harm that came to the child as a result of her substance abuse highlights her failure to acknowledge that her substance abuse substantially impacted her ability to parent the child. Petitioner's April 28, 2022, arrest was six months after her initial improvement period began, yet, as the circuit court found, petitioner continued to either abuse her prescription medication and other substances or associate with people who engage in those activities, both in violation of the terms and conditions of her improvement period. She admittedly continued abusing her prescription medication by snorting it during both her original improvement period and the extension of that improvement period, including at the time of her second arrest. As the guardian ad litem pointed out during the dispositional hearing, petitioner "delayed, she delayed, she delayed, until the absolute last moment, and the only person" who suffered was her daughter who simply wanted a safe home to go to. The court unquestionably found it "particularly troubling" that petitioner's second arrest was "remarkably similar to the arrest or the police involvement" that led to the filing of the petition. Petitioner's failure to see that her substance abuse and continued association with individuals who engaged in those activities support the court's finding that termination was necessary to protect the child from further abuse. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable[.]").Importantly, as we recently held, "West Virginia Code § 49-4-610(6) (eff. 2015) authorizes only *one* extension of a post-adjudicatory improvement period." Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021) (emphasis in original); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

Because the court made the findings necessary to terminate petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, in part, *Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected") (citation omitted)). These findings enjoy "substantial deference in the appellate context[,]" and we do not believe that they are clearly erroneous. *See In re Rebecca K.C.*, 213 W. Va. 230, 235, 579 S.E.2d 718, 723 (2003). Further, this case is similar to our recent holding in *In re H.D.*, 248 W. Va. 239, --, 888 S.E.2d 419, 428 (2023), wherein we stated that

> [a]ccording to applicable law, "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect *on their own or with help*." W. Va. Code § 49-4-604(d) (emphasis added). That description captures A.T.'s performance below. Although A.T. acknowledged her abuse of or addiction

3

to drugs . . . , she remained, months later and by her own admission, a person who was addicted to drugs and who had used methamphetamine . . . . This was not for lack of "help" with her addiction.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 20, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn